IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3087-FL

| | | |
|---|---|---|
| DAVID HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| K. GAGNON; CUMBERLAND COUNTY SHERIFF'S OFFICE; CLAIRE HILL; and NORTH CAROLINA DISTRICT ATTORNEY'S OFFICE | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of defendant Claire Hill (DE ## 13 & 27); the motion to dismiss pursuant to Rule 12(b)(6) (DE # 18), motion for a more definite statement pursuant to Rule 12(e) (DE # 20), and motion for extension of time (DE # 41) of defendants K. Gagnon and the Cumberland County Sheriff's Department; and the motion for an order compelling discovery (DE # 38), motion for entry of default (DE # 34), and motion for summary judgment pursuant to Rule 56 (DE # 39) of plaintiff David Howell. These matters are ripe for adjudication.

STATEMENT OF THE CASE

On May 4, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against the above-named defendants, as well as the North Carolina District Attorney's Office. Plaintiff made the following allegations:

> On Dec. 15th 2008, I read over the motion of discovery package, and I read that my case was assigned to a detective on July 2nd 2008 and that the detective, He instructed Officer C.L. Booyer to get a warrant and charge me with Attempt, 2nd degree sex offense. I was already locked up and charged with that offense on June 27th 2008 by Officer C.L. Booyer (5) days prior before my case was assigned to a detective. I also read that on September 21st 2008, I was arrested and taken down to the Law Enforcement Complex and given a warrant for Attempt 2nd degree rape. NOT TRUE. I never got a warrant for that offense.
>
> On April 7th 2009, I received a copy of the indictment, Attempt 2nd degree Sexual Offense, and Attempt 2nd degree rape. That on Sept. 22nd 2008, the defendants did violated plaintiff's United States Constitution Bill of Rights Amendments VIII and XIV (1). Amendment VIII Cruel and Unusual Punishment inflicted a due process violation . . . ."

(Compl. 3-4.) On May 6, 2009, plaintiff filed a motion to appoint counsel.

On November 30, 2009, this court conducted a frivolity review of plaintiff's complaint, and dismissed plaintiff's claim against the North Carolina District Attorney's Office pursuant to the Eleventh Amendment of the United States Constitution. The court also denied plaintiff's motion to appoint counsel.

On December 31, 2009, defendant Hill filed a motion to dismiss, arguing that the court lacks subject matter jurisdiction over plaintiff's claim. Alternatively, defendant Hill argues that plaintiff fails to state a claim upon which relief may be granted. Plaintiff filed a response on January 8, 2010. On January 11, 2010, defendants Gagnon and Cumberland County Sheriff's Department also filed a motion to dismiss, arguing that plaintiff fails to state a claim upon which relief may be granted. Defendant Cumberland County Sheriff's Department also argues that plaintiff's claim against it should be dismissed for lack of personal jurisdiction. Alternatively, defendants Gagnon and Cumberland County Sheriff's Department move for a more definite statement pursuant to Rule 12(e).

2

On January 15, 2010, plaintiff responded to the motion to dismiss filed by defendants Gagnon and Cumberland County Sheriff's Department.

On January 25, 2010, plaintiff filed an amendment complaint. On January 27, 2010, defendant Hill filed a second motion to dismiss, arguing that plaintiff's amended complaint does not alter the fact that plaintiff's claim against her should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff filed a response on February 12, 2010.

On March 18, 2010, plaintiff filed a declaration of entry of default. Defendants Gagnon and Cumberland County Sheriff's Department responded on March 29, 2010. Plaintiff then filed a motion to compel discovery and a motion for summary judgment. Defendants Gagnon and Cumberland County Sheriff's Department filed a motion for an extension of time to respond to plaintiff's request for production of documents and motion to compel discovery. On July 15, 2010, defendants Gagnon and Cumberland County Sheriff's Department filed a response to plaintiff's motion to compel and plaintiff's motion for summary judgment.

## DISCUSSION

A. Motion for Default

Plaintiff filed a motion for entry of default against defendants. Rule 55 provides that an entry of default shall be made when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...." F.R.Civ.P. 55. The Clerk of Court's order of investigation, entered November 30, 2009, further extended the time for defendants to respond to the complaint until thirty(30) days after North Carolina Prisoner Legal Services ("NCPLS") submits its response. NCPLS did not respond to this court's order of investigation February 19, 2010, meaning that

defendants had until March 20, 2010 to respond to plaintiff's complaint. Defendants timely responded where defendant Hill filed a motion to dismiss on December 31, 2009 and defendants Gagnon and Cumberland County Sheriff's Department filed a motion to dismiss on January 11, 2010. Accordingly, plaintiff's motion for entry of default is DENIED.

B.  Motion to Compel

Plaintiff moves for an order pursuant to Rule 37 compelling defendants to produce certain documents in discovery. Defendants Gagnon and Cumberland County Sheriff's Department request an extension of time pursuant to Federal Rule of Civil Procedure 6(b) to respond to plaintiff's discovery requests and motion to compel. These defendants also state that they now have responded to plaintiff's discovery requests. For good cause shown, defendants' motion for an extension of time is ALLOWED, and plaintiff's motion to compel is DENIED AS MOOT.

C.  Motions to Dismiss

Defendants' motions to dismiss are based upon Rule 12(b)(1), lack of subject matter jurisdiction, and Rule 12(b)(6), failure to state a claim upon which relief can be granted. Under Rule 12(b)(1), the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When the Rule 12(b)(1) motion attacks the complaint as failing to state facts upon which subject matter jurisdiction may be based, the facts in the complaint are assumed to be true and the plaintiff is afforded the same protections he or she would receive under a Rule 12(b)(6) motion. Adams, 697 F.2d at 1219. The Rule 12(b)(1) motion may attack alternatively the existence of subject matter jurisdiction in fact, apart from the complaint. Id. This type of attack is used when a court's limited jurisdiction precludes hearing the

4

case brought. Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996) (citing Mortensen v. First Fed. Sav. And Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977)); Adams, 697 F.2d at 1219. Because the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Adams, 697 F.2d at 1219.

Rule 12(b)(6) allows a suit to be dismissed for failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion to dismiss only determines whether a claim is stated; it does not resolve disputed facts, the merits of the claim, or applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). It is not necessary, however, for the moving party to demonstrate that there is no set of facts which would entitle the non-moving party to relief. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). Rather, an adequately stated claim must be supported by showing any set of facts consistent with the allegations in the complaint in order to survive a motion to dismiss. Id. A court should not dismiss a complaint that states a claim, even if it appears that the chance of recovery is remote. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982). For the purposes of ruling on a Rule 12(b)(6) motion to dismiss, the court should construe allegations in the complaint as true and taken in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Republican Party, 980 F.2d at 952.

1. Defendant Hill

Defendant Hill is the assistant district attorney that prosecuted plaintiff. Prosecutors are absolutely immune when carrying out prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993). Plaintiff's claim against defendant Hill is based on his allegation that defendant Hill violated his constitutional rights because

5

she conspired with defendant Gagnon and defendant Cumberland County Sheriff's Department to add a second charge for second-degree rape. This allegation arises out of prosecutorial duties, for which a prosecutor has immunity. See Imbler, 424 U.S. at 431 (holding that a state prosecutor has absolute immunity for initiating a prosecution and presenting the State's case); see also Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999). Therefore, plaintiff's claim against defendant Hill is DISMISSED for failure to state a claim upon which relief may be granted.

2. Defendant Cumberland County Sheriff's Department

A local government unit may not be sued under § 1983, pursuant to a theory of *respondeat superior*, for an injury inflicted solely by its employees or agents. Monell v. Dep't of Soc. Services, 436 U.S. 658, 694 (1978). In North Carolina, Sheriffs' Departments are local government units. S. Ry. Co. v. Mecklenburg County, 56 S.E.2d 438, 440 (N.C. 1949) ("The sheriff is the chief law enforcement officer of the county."); Boyd v. Robeson County, 169 N.C. App. 460, 468-478, 621 S.E.2d 1, 7-12, disc. review denied, 359 N.C. 629, 615 S.E.2d 866 (2005). Liability attaches to local government units only if conduct directly causing the alleged deprivation is undertaken to effectuate official policy or custom. Monell, 436 U.S. at 694. Here, the complaint does not allege that any conduct was undertaken to effectuate an official policy or custom. Thus, the inclusion of defendant Cumberland County Sheriff's Department in this action is improper, and plaintiff's claim against it is DISMISSED for failure to state a claim upon which relief may be granted.

3. Defendant Gagnon

Defendant Gagnon moves this court to dismiss plaintiff's complaint against him, or alternatively, moves for a more definite statement. The court first will consider plaintiff's motion

6

for a more definite statement. Defendant Gagnon asserts that plaintiff's complaint is so vague that a more definite statement is essential in order to frame a proper responsive pleading.

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement. Rule 12(e) provides in pertinent part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e). The standard for determining whether to grant a motion for a more definite statement "is whether it is reasonable to require defendants to respond to the ... complaint." Gilbert v. Bagley, 492 F.Supp. 714, 749 (M.D.N.C. 1980). Whether a motion for a more definite statement should be granted is a matter "generally left to the district court's discretion." Hodgson v. Virginia Baptist Hosp., Inc., 482 F.2d 821, 824 (4th Cir. 1973).

The court has reviewed plaintiff's complaint, amended complaint, and response to the motions filed by defendants. The court finds that plaintiff's allegations are vague, and it is difficult to determine exactly what claims plaintiff is attempting to allege. The court further finds that plaintiff's complaint does not comply with Rule 8, and that defendant Gagnon has appropriately filed a motion for a more definite statement. See F.R.Civ.P. 12(e). Likewise, the court finds that a motion to dismiss at this point in the proceedings may be premature.

Accordingly, defendant Gagnon's motion for a more definitive statement is GRANTED and his motion to dismiss is DENIED without prejudice. Plaintiff is given fourteen (14) days to file an amended complaint. Plaintiff is reminded that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief .

7

. . ." Fed. R. Civ. P. 8(a)(2). Plaintiff's amended complaint must specifically name the party responsible for his alleged deprivation, the injury stemming from the party's actions or inactions, and the alleged facts to support his claim. Failure to file an amended complaint complying with this court's order may lead to dismissal of this action. See Fed. R. Civ. P. 12(e)

D. Motion for Summary Judgment

In order to prevail on his motion for summary judgment, a plaintiff must demonstrate an absence of genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). As stated, plaintiff has not complied with Rule 8 and has been provided the opportunity to amend his complaint pursuant to Rule 12(e). Because plaintiff has not made allegations sufficient to put defendant Gagnon on notice of his claim against him, plaintiff is unable to satisfy the summary judgment standard. Therefore, plaintiff's motion for summary judgment is DENIED.

CONCLUSION

For the foregoing reasons, plaintiff's motion for entry of default (DE # 34) is DENIED. Defendants' motion for an extension of time (DE # 41) is ALLOWED, and plaintiff's motion to compel (DE # 38) is DENIED AS MOOT. Defendant Hill's motions to dismiss are GRANTED (DE # 13 and 27). The motion to dismiss (DE # 18) filed by defendants Gagnon and Cumberland County Sheriff's Department is GRANTED in part and DENIED in part. The motion is GRANTED with respect to plaintiff's claim against Cumberland County Sheriff's Department, but DENIED without prejudice with respect to plaintiff's claim against defendant Gagnon.

Defendant Gagnon's motion for a more definite statement (DE # 20) is GRANTED. Plaintiff shall have fourteen (14) days from the date of this order to amend his complaint in accordance with

this order. If plaintiff fails to comply with this order, his action against the remaining defendant, defendant Gagnon, may be dismissed.

SO ORDERED, this the 10th day of August, 2010.

LOUISE W. FLANAGAN  
Chief United States District Judge

9

Case 5:09-ct-03087-FL   Document 46   Filed 08/16/10   Page 9 of 9