IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3087-FL

| | |
|---|---|
| DAVID HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| KIM GAGNON;[1] CUMBERLAND ) | |
| COUNTY SHERIFF'S OFFICE; ) | |
| CLAIRE HILL, and THE DISTRICT ) | |
| ATTORNEY'S OFFICE, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion for summary judgment (DE # 53) pursuant to Federal Rule of Civil Procedure 56 filed by defendant Kim Gagnon ("Gagnon"), to which plaintiff responded. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants Gagnon's motion.

## STATEMENT OF THE CASE

On May 4, 2009, plaintiff brought this action pursuant to 42 U.S.C. § 1983, against Gagnon, as well as, the Cumberland County Sheriff's Office, Claire Hill, and the District Attorney's office. On November 30, 2009, the court dismissed plaintiff's claim against the District Attorney's Office as frivolous. The Cumberland County Assistant District Attorney Claire Hill ("Hill") and the Cumberland County Sheriff's Office subsequently filed a motion to dismiss, which this court

---

[1] The defendant referred to as K. Gagnon by plaintiff informed the court that her correct name is Kim Gagnon. The court will hereinafter refer to this defendant as Kim Gagnon.

granted.

On January 11, 2010, Gagnon filed a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(c), which this court granted on August 16, 2010. The court directed plaintiff in its August 16, 2010, order to file an amended complaint, and plaintiff complied. Plaintiff, in his amended complaint, alleged that Gagnon violated his constitutional rights pursuant to the Eighth and Fourteenth Amendments of the United States Constitution because she perjured herself before the September 28, 2008, grand jury to secure an indictment for the charge of attempted second-degree rape in criminal case number 08CR59578. Plaintiff also alleges that Gagnon and Hill conspired against him to violate his constitutional rights. Finally, plaintiff alleges Gagnon brought additional charges against him in a superceding indictment.

On April 14, 2011, Gagnon filed a motion for summary judgment, arguing that she did not violate plaintiff's constitutional rights. Alternatively, Gagnon argues that she is entitled to the affirmative defense of qualified immunity. On April 26, 2011, plaintiff responded to Gagnon's motion.

## STATEMENT OF FACTS

The facts seen in the light most favorable to plaintiff are as follows. The victim Emma Sealey ("Sealey"), an eighty-eight (88) year-old female with Alzheimers, resided with her family Eula Mae Jones ("E. Jones"), the victim's juvenile granddaughter ("J.V."),[2] and Michael Jones ("M. Jones"). Def.s' Appendix, part 1, pp. 90 and 99. On June 26, 2008, plaintiff went to Sealey's residence to provide assistance with a small kitchen fire. Id., part 2, p. 2. After assisting the family, plaintiff stated he would return later that evening to check on them. Id.

---

[2] J.V. is an alias for the juvenile living with the victim.

2

As promised, plaintiff returned to Sealey's residence later that evening. Id. Plaintiff knocked on Sealey's residence door and J.V. allowed plaintiff to enter the house. Id. Plaintiff then proceeded to Sealey's bedroom and locked the door. Id., part 1, p. 91. Inside Sealey's bedroom, plaintiff removed his penis from his pants and took off his shirt. Id. p. 90. Plaintiff then began pulling on Sealey's clothes and removed her underwear. Id. Sealey protested, but plaintiff continued to remove Sealey's underwear and pulled her knees apart. Id. p. 91.

J.V. then returned to Sealey's bedroom and forced her way in, but left when she discovered what was occurring. Id. J.V. then informed M. Jones that plaintiff pushed her out of Sealey's bedroom and "got on top of grandmother." Id. p. 97. M. Jones responded by telling plaintiff to leave the residence. Id. p. 91. J.V. then ran to the back of the house and informed E. Jones of what was occurring and E. Jones unsuccessfully attempted to open Sealey's bedroom door. Id.

Plaintiff eventually opened the door to Sealey's bedroom and fled the house shirtless. Id. A Cumberland County Sheriff's Office crime scene investigator later recovered plaintiff's shirt from Sealey's bedroom. Id. p. 98. Sealey's family subsequently reported the incident to the Cumberland County Sheriff's Office deputies. Id. pp. 90-113. Sealey informed officers that plaintiff attempted to penetrate her with his penis. Id. p. 98. Sealey subsequently made inconsistent statements to investigators. Id. p. 94.

Plaintiff later admitted to detective Hyde ("Hyde") and investigator C.L. Booyer ("Booyer") that he was in Sealey's bedroom the previous evening, stating he was there to pray with Sealey. Id., part 2, p. 2. Plaintiff informed the officers that he left his shirt in the kitchen of Sealey's residence. Id. Upon hearing about the sexual assault allegations from the officers, plaintiff denied any inappropriate behavior, but admitted that he had removed his shirt in Sealey's bedroom. Id. On June

3

30, 2008, a warrant was issued charging plaintiff with attempted second-degree sex offense. Id., part 2, p. 46. Plaintiff then was arrested and brought before a state district court judge for a first appearance. Black Aff.[3] ¶ 5. At that hearing, the judge appointed attorney Cynthia Black to represent plaintiff. Id.

Following plaintiff's arrest, Assistant District Attorney Claire Hill ("Hill") reviewed plaintiff's case and determined that it was appropriate to seek an indictment for attempted sexual offense and attempted rape. Id. ¶ 9. Gagnon, a detective, then testified before a Cumberland County grand jury regarding the contents of the Sheriff's Office's "felony file" or investigative materials. Gagnon Aff. ¶ 5. On September 22, 2008, the grand jury returned a true bill of indictment charging plaintiff with attempted second-degree sexual offense and of attempted second-degree rape of Sealey. Black Aff. ¶ 12. The action then was transferred to the jurisdiction of the Cumberland County Superior Court and Assistant District Attorney Rob Thompson ("Thompson") was assigned to the case. Id. ¶ 17.

On June 15, 2009, Thompson obtained a superceding indictment charging plaintiff with second-degree sexual offense, second-degree rape, first-degree kidnaping, and assault inflicting serious bodily injury. Id. ¶ 18. The only witness called before the grand jury was Hyde. Id.

On September 11, 2009, plaintiff entered a plea of guilty to the charge of assault inflicting serious bodily injury. Id. ¶ 22. In return, the State agreed to dismiss the remaining charges. Plaintiff then was sentenced to a term of twenty-one (21) to twenty-six (26) months imprisonment. Id. ¶ 23.

---

[3] Cynthia B. Black ("Black") was assigned as the public defender to represent plaintiff in the criminal proceedings that underlie this action. Black submitted an affidavit in support of Gagnon's motion for summary judgment.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Gagnon asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity protects government officials "where the law is unsettled or murky." Rogers v. Pendleton, 249 F.3d 279, 286 (4th Cir. 2001). The test is whether the act was clearly forbidden, not whether in hindsight the action was wrongful. Id. at 286. The Fourth Circuit has recognized a two--pronged qualified immunity inquiry:

> First, we must decide whether a constitutional right would have been violated on the facts alleged. Next, assuming that the violation of the right is established, courts must consider whether the right was clearly established at the time such that it would be clear to an objectively reasonable officer that his conduct violated that right.

5

Bailey v. Kennedy, 349 F.3d 731, 739 (4th Cir. 2003) (internal quotations omitted). With respect to the second step, "[t]he relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was lawful in the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001), receded from by, Pearson v. Callahan, __ U.S. __, 129 S.Ct. 808 (2009). A court has discretion to decide which step of the two-prong test to analyze first. Pearson, 129 S.Ct. at 821.

    1.    Grand Jury Testimony

Plaintiff alleges Gagnon violated his constitutional rights by perjuring herself before the September 28, 2008, grand jury in order to secure his indictment for attempted second-degree rape. Generally, witnesses, including police officers such as Gagnon, that testify before a grand jury are immune from suit pursuant to 42 U.S.C. § 1983. Briscoe v. LaHue, 460 U.S. 325, 327-46 (1983); Lyle v. Sparks, 79 F.3d 372, 378 (4th Cir. 1996); Stokes v. Moorman, No. 9:10-1168-CMC-BM, 2010 WL 2347024, *2 (D.S.C. May 14, 2010). Moreover, even if Gagnon did not have immunity for her testimony before the grand jury, plaintiff could not proceed with his claim because he failed to provide sufficient factual support. White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (Finding *pro se* complaints require a minimum level of factual support.) In fact, plaintiff admits that he does not have evidence to reflect that Gagnon engaged in wrongful conduct. Howell Depo. p. 76. Based upon the foregoing, the court finds that Gagnon did not violate plaintiff's constitutional rights in the course of the September 28, 2008, grand jury proceedings. Because there is not constitutional violation, Gagnon is entitled to qualified immunity for this claim.

    2.    Conspiracy Claim

Plaintiff generally alleges that Gagnon and Hill conspired to violate his constitutional rights.

6

To state a claim for civil conspiracy under § 1983, a party must allege "that [defendants] acted jointly and in concert and that some overt act was done in furtherance of the conspiracy which resulted in [plaintiff's] deprivation of a constitutional right." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). A plaintiff additionally must allege facts that would "reasonably lead to the inference that [the defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan." Hinkle, 81 F.3d at 421. Conclusory allegations are not sufficient to state a claim for conspiracy. Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1007 (4th Cir. 1987).

Here, plaintiff has not provided any factual support, aside from conclusory allegations, for his conspiracy claim. Moreover, as stated, plaintiff admits that he does not have evidence to demonstrate that Gagnon engaged in any wrongdoing. Howell Depo. p. 76. Thus, plaintiff has not established a constitutional violation, and Gagnon is entitled to qualified immunity for this claim.

3.  Superceding Indictment

Plaintiff alleges Gagnon violated his constitutional rights because she caused him to be charged, in a June 15, 2009, superceding indictment, with the additional charges of second-degree sexual offense, second-degree rape, first-degree kidnaping, and assault inflicting serious bodily injury. Plaintiff, however, has not alleged facts to establish how Gagnon violated his constitutional rights in connection with his superceding indictment. The evidence in the record additionally does not support such a finding. For instance, the record reflects that Gagnon did not participate in the June 15, 2009, grand jury proceedings. See Gagnon Aff. ¶ 5. Rather, Gagnon's involvement in plaintiff's case was limited to her presentation of the Cumberland County Sheriff's Office "felony

7

file" during the September 22, 2008, grand jury proceedings. Id.[4] Additionally, Gagnon testified that she made no decisions with respect to whether an indictment should have been sought against plaintiff based upon the June 26, 2008, events. Id. ¶ 7. Plaintiff has not presented any evidence to refute this evidence or to establish that Gagnon violated his constitutional rights in connection with his superceding indictment. Thus, Gagnon is entitled to qualified immunity for plaintiff's claim that she violated plaintiff's constitutional rights by procuring the additional charges in his superceding indictment.[5]

## CONCLUSION

For the foregoing reasons, Gagnon's motion for summary judgment (DE # 53) is GRANTED.[6] The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 8th day of February, 2012.

*(signature)*
LOUISE W. FLANAGAN
United States District Judge

---

[4] Gagnon states that she did not "assert any personal knowledge of the events or vouch for the reliability or truthfulness of the information provided by the complainants or witnesses" contained in the felony file. Gagnon Aff. ¶ 5.

[5] Although plaintiff does not allege a claim for false arrest, the court notes that such a claim would be meritless. Generally, "there is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." Street v. Surdyka, 492 F.2d 368, 372-73 (4th Cir. 1974); McKinney v. Richland County Sheriff's Dept., 431 F.3d 415, 418 (4th Cir. 2005). Here, the court finds that the evidence in the record, including witness statements and investigative reports, supports a finding of probable cause.

[6] To the extent plaintiff alleges any state law claims in connection with the infliction of emotional distress, the court declines to consider such claims. A district court may decline to exercise supplemental jurisdiction over a claim if the district court dismisses all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). The court has dismissed plaintiff's § 1983 claims, which were the sole claims over which it had original jurisdiction. In the interest of judicial economy, fairness, and comity, the court will not exercise supplemental jurisdiction over plaintiff's state law negligence claims. Thus, plaintiff's state law claims are dismissed without prejudice.

8